# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JEAN DOROTHY COSSER,

      Plaintiff,

v.                                 CASE NO: 8:08-cv-1701-T-26EAJ

KMART CORPORATION,

      Defendant.

_____/

# **O R D E R**

Pending before the Court is Plaintiff's opposed motion to compel Defendant to produce its biomechanical engineer expert for deposition or alternatively to reopen discovery. Although Defendant has not had an opportunity to file a response, the Court needs no response to resolve a petty discovery dispute that counsel should have been able to resolve had they followed the dictates of Local Rule 2.04(h) which directs that "[a]ttorneys and litigants should conduct themselves with civility and in the spirit of cooperation in order to reduce unnecessary cost and delay."

On November 10, 2008, the Court entered a Case Management and Scheduling Order (the CMSO) at docket 14 directing Plaintiff to furnish her expert disclosures by May, 1, 2009, directing Defendant to furnish its expert disclosures by June 1, 2009, and providing for a discovery cut-off date of June 1, 2009. According to Plaintiff, Defendant provided an expert report of a biomechanical engineer, Sandra Anstaett Metzler, on June 1, 2009, in compliance

with the CMSO, but, despite repeated attempts by Plaintiff's counsel, refused to make her available for a deposition because of the June 1, 2009, discovery cut-off date.  Plaintiff contends that "[b]ecause the discovery and disclosure deadlines were the same date, it was impossible for the plaintiff to depose defendant's expert, who was disclosed on the last date allowed for such disclosure, prior to the discovery cut-off date."  Consequently, she further argues, "[g]ood cause exists in this case based upon the inherent conflict between Defendant's Expert Disclosure date and the Discovery Cut-off, as specified in the CMSO."

The Court is in total agreement with Plaintiff's argument.  The anomaly created by the CMSO with regard to the date by which Defendant was to make its expert disclosures and the date by which discovery was to end indeed made it impossible for Plaintiff to depose Defendant's expert.  And, although Defendant's counsel's position was technically correct under the literal terms of the CMSO in declining to agree to a deposition of the expert after June 1, 2009, the ends of justice compel the conclusion that it would be manifestly unfair to deprive Plaintiff of the opportunity to depose Defendant's expert, especially when absolutely no prejudice will inure to the detriment of Defendant and ample time exists between now and the scheduled trial date.

Accordingly, it is ordered and adjudged as follows:

1) Plaintiff's Motion to Compel Defendant to Produce Its Biomechanical Engineer Expert for Deposition (Dkt. 61) is granted.

2) Counsel shall confer in good faith pursuant to the dictates of Local Rule 2.04(h) within five (5) business days of this order in order to schedule the deposition of Ms. Metzler to take place on or before August 14, 2009.

3) Plaintiff's Alternative Motion to Reopen Discovery (Dkt. 61) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on July 22, 2009.


    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record